# CHARLESTON.

C. B. STRATON *et al. v.* ANNIE HODGKINS *et al.*

(No. 6706)

Submitted October 1, 1930.   Decided October 21, 1930.
(Rehearing Denied December 9, 1930)

*Hogg & Hogg* and *W. V. McNemar,* for appellants.

*Chas. L. Estep* and *Livezey, Hogsett & McNeer,* for appellees.

LITZ, JUDGE:

The object of this suit is to partition among the heirs at law of Vicie Nighbert, deceased, certain property of which she died seized, and which the bill alleges was undisposed of in her last will and testament.   Plaintiffs have appealed from a decree sustaining a demurrer to the original and amended bills interposed by the executors of the estate.

The controversy involves the interpretation of the residuary clause of the will (numbered "Seventeenth") as follows: "To my said nephew, J. Edward Aldredge, I give, devise and bequeath all the remainder of my property whether real or personal, and wherever situated, not hereinbefore specifically disposed of."   The instrument contains nine general legacies, aggregating $66,000.00, and nine specific devises and legacies of the alleged value of $564,500.00.   In the ninth clause, all of the stock owned by the testatrix in the First National Bank of Huntington, West Virginia, is bequeathed to her niece, Vicie Straton.   By the eleventh clause, the executors are directed

to sell a lot of land situate in the city of Logan, West Virginia, to invest the proceeds in interest-bearing securities and apply the interest therefrom to the education and support of two nephews, Nighbert Straton and Wallace Straton, and a niece, Emma Straton; and, upon Wallace attaining his majority, to divide the fund equally among the three. The twelfth clause devises a second lot of land in the city of Logan to another niece, Margaret Sutphin.

Vicie Straton, having died before the testatrix, without issue, and the testatrix having sold the real estate disposed of in the eleventh and twelfth clauses, the legacy to Vicie Straton and the devises under the eleventh and twelfth clauses did not become operative. The bill alleges that the property constituting the lapsed legacy and the proceeds from the sale of real estate embraced in the adeemed devises are property undisposed of by the will (subject to partition among the heirs) upon the theory that the language of the residuary clause, "not hereinbefore disposed of," means "not hereinbefore disposed of by *specific* devise or bequest." The adverb "specifically" means "in a specific manner, explicitly, particularly, definitely." Funk & Wagnall's Dictionary; The Century Dictionary and Cyclopedia. The property embraced in the general bequests was as explicitly, definitely and particularly "disposed of" as that constituting the specific bequests and devises. Neither the context of the will nor the alleged circumstances surrounding its execution (the only sources of interpretative light) furnishes evidence of intention on the part of the testatrix to use the word "specifically" in a peculiar sense. The interpretation proposed in the bill, is, therefore, not only unwarranted by the language of the residuary clause, but is wholly inconsistent with other parts of the will disposing of a large amount of property by numerous general legacies, including one of $10,-000.00 to the trustees of the Nighbert Memorial Church of the Methodist Episcopal Church, South in the city of Logan for the maintenance of the Straton graveyard, where, by the second clause the testatrix directed her body to be buried. It is most unreasonable that the testatrix intended to destroy by the residuary clause, all general legacies by giving to the residuary

beneficiary all of her property which she had not disposed of by *specific* devise or legacy.

Plaintiffs not only admit, but insist, that the instrument must be interpreted as of the time of its execution, and yet emphasize at great length the subsequent facts, (1) of the failure of the specific devises and bequest in controversy embracing property of an alleged value of more than $300,000.00, and (2) of a large increase in the fortune of the testatrix between the date of the will and the time of her death. The conclusion apparently sought to be drawn from these facts is that she did not intend the residuary beneficiary to have so large a part of her estate as would go to him by including the specific devises and bequest under consideration as part of the residuum. It is accordingly contended that the "will was prepared in anticipation of the large" increase of property realized by the testatrix after its execution, amounting to "more than $236,000.00." The law will not ascribe to her such prophetic vision, nor presume that she foresaw the failure of the particular specific devises and bequest. "All property undisposed of, whether by reason of the fact that the testator makes no effort to dispose of it or whether he makes an ineffectual effort to dispose of it, unless a part of the residuary clause itself, falls into the residuum. This is not affected by phrases in the residuary clause itself which indicate that the testator did not expect the failing legacies to fall into the residuary clause. The testator, of course, expected all of his legacies to take effect, and, therefore, phrases in the residuary clause which indicate that he did not contemplate the failing legacies to fall into the residuum do not affect the proposition." Harrison on Wills and Administration, section 237 (5).

*Galloway v. Darby*, (Ark.) 151 S, W. 1114, 44 L. R. A. (N. S.) 782, held that a lapsed *specific* devise was embraced by a residuary clause disposing of "all the rest and residue" of the testatrix's estate "not hereinbefore *specifically* devised and bequeathed." We quote from the opinion of the case as follows: "It is argued that the language of the will prevents the operation of the residuary clause as a general one, and evinces a specific intention on the part of the testatrix not to include lapsed legacies. Counsel invoke a strict construction of the

language of the residuary clause, on the ground that a presumption should not be indulged of an intention on the part of the testator to cut the heirs off from the lapsed devises, unless the intention is made clear by the language of the will. While it is sometimes said that an intention to disinherit lawful heirs is not to be presumed in the absence of clear and explicit language to that effect, yet there are other presumptions not to be overlooked. In the construction of wills there is always a presumption against partial intestacy, unless such an intention clearly appears from the language used in the instrument." It was also held in *Shanley* v. *Baker,* 4 Ves. Jr. 732, 31 English Reprint 378, that a residuary clause disposing of "all the rest and residue" of the testator's estate not "particularly disposed of," carried a void specific bequest.

The ruling of the circuit court is affirmed.

*Affirmed.*