## Parsons Estate.

Argued April 24, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Joseph A. Burns,* for appellants.

*Ruth Forsht,* Special Deputy Attorney General, with her *T. McKeen Chidsey,* Attorney General, for appellee.

PER CURIAM, July 17, 1947:

This is an appeal from a decree of the Orphans' Court of Allegheny County dismissing exceptions to the adjudication wherein the balance for distribution in the estate of Mabel M. Parsons, deceased, was awarded by escheat to the Commonwealth of Pennsylvania, and affirming the decree nisi of the auditing judge.

Testatrix disposed of her property by will. She provided in the first paragraph for $250 for burial. The remainder of the will essential to the disposition of this case reads as follows:

"Second: I direct my executor, hereinafter named, sell all of my real estate, when in his judgment a reasonable price therefor, can be obtained.

"Third: I direct that Mr. and Mrs. James Roche,[1] of #22 North End Ave., West View, Pa., shall received

---

[1] The correct name is Roach; the variation has not been questioned.

Three Hundred ($300.00.) Dollars of my estate, together with all my personal property, with the exception of one diamond ring, which is in safe deposit box at the Peoples-Pittsburgh Trust Company. This ring to be given to Saint Margaret Memorial Hospital, 46th & Butler Sts., Pittsburgh, Pa. The rest, residue, and remainder of my estate I bequeath to the Saint Marget[2] Memorial Hospital, 46th & Butler Sts., Pittsburgh, Pa., to be used at the discretion of said hospital."

The inventory of the estate at the time of testatrix' death shows that she was possessed of cash, proceeds of an insurance policy, social security, and a diamond ring. This apparently was not complete. The real estate was sold under the direction in the will. Testatrix died on the same day that she executed her will; consequently the residuary gift, as well as the bequest of the diamond ring to Saint Margaret Memorial Hospital, fell by virtue of the provision of the Act of June 7, 1917, P. L. 403, §6, as amended by the Act of May 16, 1939, P. L. 141, §1, No. 71, 20 PS § 195.

There being no heirs at law, the balance for distribution after payment of administration costs, debts, and the $300 legacy to appellants, was awarded to the Commonwealth of Pennsylvania. Appellants on this appeal contend that the balance of testatrix' estate except the diamond ring should have been awarded to them under the bequest of $300 "together with all my personal property." They assert that paragraph 3 of the will is a residuary clause, but this view ignores the plain provisions of the will. See *Keefer Estate*, 353 Pa. 281, 45 A. 2d 31.

The court below, in an opinion by Judge TRIMBLE, has adequately discussed and correctly decided the issue: "But, to support [appellants'] view, it is necessary to hold that testatrix's residuary gift is without meaning. There would be no residue for the charity designated to

---

[2] This is apparently an error in spelling, and means Saint Margaret Memorial Hospital.

receive it. In addition, it is clear that testatrix did not consider her money to be her 'personal property.' She gave 'Three Hundred ($300.00) Dollars' together with all her personal property with the exception of one diamond ring. Everything she had at the time of her death was personal property with the exception of one piece of real estate. By taking out the three hundred dollars from the total value of her personal property there is a residue for the residuary legatee and we are always required to give effect to all the provisions of a will if possible.

"What did testatrix mean when she gave to the Roaches 'Three Hundred ($300.00) Dollars' together with all her personal property with the exception of a diamond ring which she gave to Saint Margaret's [Margaret] Memorial Hospital? Was she limiting her gift to things which were personal to herself . . .? All her 'personal property' except one ring is given to her favored legatees and all the residue of her estate to her favored charity. As testatrix understood that term it was limited to that class of property which may be described as paraphernalia incidental to the comfort and convenience of the possessor. If it had been her intention to include in her gift to the Roaches of all her personal property, her insurance, money in the bank and social security, she could have done so and silenced all questions of her intention by specifying, as she did the diamond ring or the remainder of her estate. Most people who are unaccustomed to drawing distinctions between kinds of property and what is included in one or the other, in speaking of their 'personal property,' would be surprised that they conveyed the meaning that their bank accounts, stocks and bonds, and wearing apparel were of the same classification. Their own interpretation of such a description would exclude everything except that which was distinctly attached to the person, either physically or by intimate association." See *McGlathery's Estate,* 311 Pa. 351, 166 A. 886; *Moore's Estate,* 241 Pa. 253, 88 A. 432.

Decree of the court below is affirmed, at the cost of appellants.