[No. 31588. Department Two. May 15, 1951.]

*In the Matter of the Estate of* BARBARA RUTH TORANDO, *Deceased.*

ANNA MOORE *et al., Appellants,* v. REBECCA PARRISH, *Respondent.*[1]

[1]Reported in 228 P. (2d) 142.

*Charles M. Stokes* (*Philip L. Burton,* of counsel), for appellants.

*W. Harold Hutchinson,* for respondent.

ROBINSON, J.—When Barbara Ruth Torando died in Alaska in January, 1950, she left a will, reading, in part, as follows:

"Third: I give to my good friend, REBECCA PARRISH, of Anchorage, Alaska, all the real property owned by me at the time of my death that is situate in the City of Seward, Alaska, and in addition to this devise, I give and bequeath to her all the household goods, furniture and personal property excepting my personal effects, clothing, jewelry and money.

"Fourth: To my sister, ANNA MOORE, of Seattle, Washington, I give and bequeath all the personal effects, clothing and jewelry of which I may die possessed, whether the same be at my home in Seward, Alaska, or elsewhere, at the time of my death. . . .

"Sixth: After the payment of the aforesaid specific devises and bequests, and after the payment of all my debts, expenses of administration and the discharge of all other costs and fees incurred in the administration of my estate, I direct that my executrix sell or cause all my other property to be sold and converted into money, and the same divided into three equal parts and paid to the following three persons: (a) one share thereof to my sister, ANNA MOORE, of Seattle, Washington; (b) one share thereof to my sister, MARY CARTWRIGHT, of Chicago, Illinois; and (c) one share thereof to my sister, MOLLY LONDON, of Chicago, Illinois. The provision that I have hereinabove made for my sister, ANNA MOORE, shall be in addition to the bequest I have made to her by Paragraph 4 hereof; and, in the event one or two of my sisters predecease me, then the survivors, or survivor of them shall divide the share of such deceased sister between them, or take the entire residue, as the case may be."

As the third paragraph of the will suggests, Barbara Ruth Torando owned a house in Seward; and had she owned no household goods, furniture, and personal property other than what was contained therein, this will would have presented no problem. However, she also owned a home in Seattle, and died possessed of a considerable amount of household goods, furniture, and personal property located in that city. The Seattle house was devised, without special mention, by the sixth paragraph of the will. The controversy in this case arises over the question of who is entitled to the household goods, furniture, and personal property in Seattle. Respondent, Rebecca Parrish, contends that these were bequeathed to her in the third paragraph of the will. Appellants, testatrix' sisters, assert that the household goods, furniture, and personal property mentioned in that paragraph, are only those in the Seward house, and that it was the intent of the testatrix that the Seattle personalty should pass to them with her Seattle home, under the all-inclusive terms of the sixth paragraph.

■ Now, it is, of course, our purpose to ascertain the intent of the testatrix; but it is axiomatic that this intent must be gathered, if possible, from the words actually used in the will. *Shufeldt v. Shufeldt*, 130 Wash. 253, 227 Pac. 6. When this will is examined without resort to extrinsic evidence, it appears probable that appellants' contention is correct. Their suggested interpretation is in harmony with ordinary notions of syntax; for the first part of the sentence, of which the third paragraph is composed, deals with certain real property, and it is logical to suppose that the second part is concerned with the household goods located on that property. In the absence of any explanatory phrase, it gives the will a somewhat strained construction to assume that this clause was intended to refer, not only to the household goods in Seward, but to those in Seattle as well; and this is particularly true in view of the fact that the Seattle house was devised separately by virtue of the broad language of the sixth paragraph.

Also worthy of consideration is the language of paragraph four. Here, the testatrix disposed of all her personal effects,

clothing, and jewelry, "whether the same be at my home in Seward, Alaska, or elsewhere." There was no real necessity for this qualifying clause. It could have easily been left out of the fourth paragraph, and there would have been no doubt of the testatrix' intention. Yet if, by the third paragraph, she intended to leave Rebecca Parrish all of her household goods, furniture, and personal property, where-ever located, a similar qualifying clause was *required* in that paragraph to make her meaning clear; for it begins with a reference to her Seward house alone. But no such clause appears in the third paragraph. The inference would seem to be that that is not there because, by that paragraph, testatrix intended to dispose of her household goods in Seward, and no more.

Nevertheless, the trial court, upon consideration of the will, reached a result opposed to this, and held that the third paragraph disclosed an unequivocal intent to leave all of testatrix' household goods, furniture, and personal property, whether in Seward or Seattle, to Rebecca Parrish. Though our examination of the will does not lead us to the same conclusion, it cannot be denied that the language employed is open to such interpretation. Consequently, since the will admits of two constructions, it may properly be termed ambiguous; for, "ambiguous" simply means capable of being understood in more senses than one. *Ayres v. Harleysville Mut. Cas. Co.*, 172 Va. 383, 2 S. E. (2d) 303.

Now, although, as a general principle, the court, in construing a will, must confine its endeavors to ascertaining the intent of the testator, as expressed within the four corners of the document, there exists an established exception to this. When, upon a reading of the will in its entirety, any uncertainty arises as to the testator's true intention, it is well accepted that extrinsic facts and circumstances may be admitted for the purpose of explaining the language of the will. *Peters v. Briska*, 191 S. W. (2d) 993; *In re Bauer's Estate*, 5 Wn. (2d) 165, 105 P. (2d) 11. Thus, where there is ambiguity as to the identity of the property devised or bequeathed, testimony of the scrivener may be admitted to

assist in resolving the problem. *In re Morrison's Will,* 60 N. Y. S. (2d) 18; see 94 A. L. R. 26, 286, and cases there cited.

At the outset, the trial court was apparently of the opinion that this rule applied in the present case, for it directed that a commission issue to take the deposition of the Alaska attorney who drew the will. After hearing argument, however, it declined respondent's offer of the deposition in evidence, on the ground that there was no ambiguity in the will, and that, irrespective of the deposition, respondent's contention, that it was the intent of the testatrix to leave all of her household goods, furniture, and personal property to her, was the correct one. But, since we have concluded that the will is ambiguous, and since we are considering the whole matter *de novo,* it is incumbent upon us to examine the deposition and determine whether it should be regarded as having any effect upon our views as to the probable intent of the testatrix, which we have arrived at from a consideration of the will itself.

We find, upon doing so, that it was the unequivocal opinion of the scrivener that Barbara Ruth Torando intended to leave the household goods, furniture, and personal property in Seattle to Rebecca Parrish. He stated that the household goods, furniture, and personal property in her house at Seward (she was buying this house at the time she drew the will) were not of great value, and had been subjected for many years to rough use and heavy traffic. They were "not even enumerated nor made the subject of any contract or instrument of conveyance." He further stated that, though no direct disclosure had been made by her relative to the household goods, furniture, and personal property in her Seattle home, he "gathered that she had some nice things" there. He testified as follows:

"She said she wanted 'Betty' (Rebecca Parrish) to have 'all the household goods, furniture and personal property' just like I wrote it in the will. I believe it was understood between us, without specific mention of it, that the only household goods, furniture and personal property that she had, was what she had in her Seattle home. Our conversa-

tion was mixed and prolonged. She and Miss Parrish were old friends; Miss Parrish had done many favors for her; she wanted Betty to have 'something nice'; . . . "

And later:

"It was my understanding that she wished to bequeath her household goods, furniture and personal property in Seattle to Miss Parrish; it was so stated in the will. This is the way Barbara Ruth Torando wanted it to be."

Of course, it was not stated in the will that the testatrix "wished to bequeath her household goods, furniture and personal property in Seattle to Miss Parrish." Had it been, there would have been no controversy. The whole deposition is extremely vague concerning the nature of the testatrix' property, both in Seattle and in Seward. The scrivener admitted that no direct disclosure was made to him relative to testatrix' property in Seattle; but he stated that he understood, without specific mention, that the only household goods, furniture, and personal property that she had were located there. What, then, of the previously mentioned household goods, furniture, and personal property, "not of great value," which were in the house at Seward? In spite of this inconsistency, one must conclude that, at the time the will was drawn, the situation was much the same as it was at the time the testatrix died, that is, she then possessed a house and household goods in Seattle, and also possessed, or was in the process of acquring, a house and household goods in Seward. This being the case, the manner in which the third, fourth, and sixth paragraphs were drawn remains as inexplicable as ever, if it was indeed the testatrix' intent to leave Rebecca Parrish her household goods, furniture, and personal property in Seattle. The deposition throws no light on the point; in essence, all that it offers is the bald statement of the scrivener that Barbara Ruth Torando intended a result that the language of the will does not appear to contemplate.

While, as we have noted, we have felt compelled to consider the extrinsic testimony in this case in order to attempt to resolve an ambiguity indubitably present in the

will, we are not, of course, bound by such testimony. It is no more than parol evidence, which should be of an unusually convincing nature in order to overcome any inferences legitimately drawn from a consideration of the document itself; and it fails to meet this test. If it be considered that testatrix intended to leave the Seward house, with the personalty contained therein, to Rebecca Parrish, and the Seattle house, with the Seattle personalty, to her executrix, for the benefit of her sisters, the will appears as a clear and understandable document. If, on the other hand, it be considered that she intended to leave the Seattle personalty to Rebecca Parrish, it seems unnaturally drawn; and none the less so after we have considered the testimony of the scrivener.

We are inclined, therefore, to give the will its most reasonable construction as written. Appellants are entitled to the household goods, furniture, and personal property located in Seattle. The decree of the court awarding these items to Rebecca Parrish is reversed and the cause remanded, with instructions to proceed in accordance with this opinion.

SCHWELLENBACH, C. J., and HAMLEY, J., concur.

GRADY, J. (concurring in the result)—I concur in the result reached by the majority opinion. In view of the fact that the evidence submitted to explain that which was claimed to be an ambiguity in the will of the testatrix did not have that effect, we must construe the will as it reads, and whether it may be said to be ambiguous or otherwise makes no difference. By her will the testatrix sought to dispose of three items of property, and did so in three separate paragraphs of her will. One item was a dwelling house and household goods, furniture, and other personal property which she might own located in the city of Seward, Alaska. Another item was all of her personal effects, clothing and jewelry wherever the same might be located. The third item was any other property she might have at the time of her death. This last item of property

was charged with her debts and expenses of administration. The Seattle dwelling house and the household goods, etc., located therein fall within the third item of property covered by paragraph six of the will.

MALLERY, J., concurs with GRADY, J.

### ON REHEARING.

[*En Banc.* October 15, 1951.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the result reached in the Departmental opinion.

