HAROLD ADLER v. FIRST-CITIZENS BANK AND TRUST COMPANY, EXECUTOR OF THE LAST WILL AND TESTAMENT OF MILTON SIDNEY ADLER; WOLFE THOMAS ADLER, MINOR; JUDITH RACHAEL ADLER, MINOR; AND OTHO L. GRAHAM. GUARDIAN AD LITEM FOR WOLFE THOMAS ADLER AND JUDITH RACHAEL ADLER

No. 693SC166

(Filed 28 May 1969)

1. **Wills § 57— designation of bequest — description — "personal effects" — houseboat**

   Testator's bequest to his brother of "my personal effects, (exclusive of automobile) including jewelry, clothing, household furniture and any china, silver and crystal not desired by my two cousins," does not include a houseboat owned by testator at the time of his death, since it is apparent from the language of the will that testator intended to include as "personal effects" only things *ejusdem generis* with those articles specifically named.

2. **Wills § 28— rules of construction — intention of testator**

   When a will is presented for construction, the intention of the testator is to govern and this is to be ascertained from the language used by him,

giving effect, if possible, to every clause, phrase, and expression in the entire instrument.

**3. Wills § 28— rules of construction — interpretation of other wills**

A will is the most personal and individual of all legal documents, and therefore the constructions arrived at by the courts in interpreting other wills written by other testators under other circumstances and affecting other properties and beneficiaries serve only as useful guides.

**4. Wills § 55— description of devise — realty or personalty — "effects"**

Ordinarily, the word "effects" used *simpliciter* or in a general or unlimited sense and unaffected by the context signifies all that is embraced in the words "personal property," but is not sufficiently comprehensive to include real estate.

**5. Wills § 57— bequest of "personal effects" — amount of bequest**

Where testator owned no real estate but did own personal property of substantial value, testator's bequest of his "personal effects" to a brother will not be construed to include all of his personal property of every nature, since such a construction would render completely meaningless a bequest to a trust fund of "all the rest and residue of my estate of whatsoever nature and wheresoever situated," as contained in the next succeeding article of his will.

**6. Wills § 28— rules of construction**

Every expression in a will ought to be considered with a view to the circumstances of its use.

**7. Wills § 55— "personal effects" defined**

The words "personal effects" have been defined as property especially appertaining to one's person and having a close relationship thereto.

APPEAL by plaintiff from *Martin, Robert M., J.,* October 1968 Civil Session of CARTERET Superior Court.

This is a civil action for declaratory judgment to construe the last will of Milton Sidney Adler, deceased. Plaintiff is the brother of the testator and defendants are respectively the executor and residuary beneficiaries under his will. The parties waived jury trial and agreed that the judge might hear the evidence and make findings of fact, conclusions of law, and enter judgment thereon.

For purposes of the question presented by this appeal, the pertinent portions of the will are as follows:

"ARTICLE IV

"I give and bequeath any motor boat or yacht owned by me at the time of my death (exclusive of the houseboat 'HEAVEN') together with any fishing equipment or tackle used in connection

therewith to my good friend, W. D. Aman, Sr. of Swansboro,
North Carolina.

"ARTICLE V

"I give and bequeath unto my first cousins, Muriel Cherney
Schloss and Judith Cherney Schwaber, all of my china, silver,
and crystal to be divided by them equally.

"ARTICLE VI

I give and bequeath all the rest and residue of my personal
effects, (exclusive of automobiles) including jewelry, clothing,
household furniture and any china, silver and crystal not desired
by my two first cousins, unto my brother, Harold Adler, if he
is living at the time of my death."

By Article VII the testator devised and bequeathed "(a)ll the
rest and residue of my estate of whatsoever nature and wheresoever
situated" unto First-Citizens Bank and Trust Company, in trust,
and directed said trustee to divide the trust property into separate
and equal shares so as to provide a trust fund for each of testator's
neices and nephews, children of his brother, Harold Adler, who is
plaintiff in this action. Article VII went on to provide detailed di-
rections to the trustee as to the payment and application of net in-
come and principal of each beneficiary's trust "for the health, edu-
cation, general welfare or general benefit of each such beneficiary,"
until such beneficiary should attain the age of 30 years, at which
time such beneficiary should receive the entire principal of his or
her trust and the same should terminate. Article VII directed a par-
tial distribution of principal as each beneficiary became 25 years
old. Article VII also contained provisions directing the disposition
of the trust property in the event any beneficiary should die prior to
termination of the trust for his or her benefit. Paragraph (E) of
Article VII then provided:

"If all the beneficiaries hereinabove enumerated shall die, I
direct that any portion remaining shall be assembled into one
trust by my Trustee and held for the use and benefit of my
brother, Harold Adler. Until my said brother reaches sixty (60)
years of age, the Trustee may use any part or all of the income
or principal of said trust for his maintenance and support with
right to apply same for his benefit if said Trustee deems same
in his interest. If my said beneficiary attains the age of sixty
(60) years this trust shall terminate and the Trustee shall de-
liver to him the entire principal and any income then held by it
and said trust shall terminate."

By Article VIII the testator granted his executor and trustee broad discretionary powers in dealing with any properties held in his estate or in any trust.

The parties stipulated that the estate of the testator consisted entirely of personalty in the value of $254,527.03. Following the death of the testator, by consent of all parties the executor sold the houseboat "Heaven," realizing $6,131.07 in net proceeds from such sale.

Plaintiff contends that by Article VI of the will the testator bequeathed the houseboat "Heaven" to him, and prayed for declaratory judgment construing the will in conformity, with this contention and for an order directing the executor to pay to him $6,131.07, representing the net proceeds from the sale of the houseboat, with interest from the date of sale.

The trial judge entered judgment adjudging that Article VI of the will of Milton Sidney Adler did not bequeath the houseboat "Heaven" to the plaintiff. To this judgment, plaintiff excepted and appealed.

*William T. McCuiston for plaintiff appellant.*

*Stevens, Burgwin, McGhee & Ryals, by Richard M. Morgan for First-Citizens Bank and Trust Company, Executor of the last will of Milton Sidney Adler, deceased, appellee.*

*Boshamer & Graham, by Otho L. Graham for Guardian Ad Litem of Wolfe Thomas Adler, and Judith Rachael Adler, minor defendant appellees.*

PARKER, J.

[1]     The sole question presented by this appeal is whether testator bequeathed his houseboat named "Heaven" to his brother, plaintiff in this action, by Article VI of his will which provides: "I give and bequeath all the rest and residue of my personal effects, (exclusive of automobiles) including jewelry, clothing, household furniture and any china, silver and crystal not desired by my two first cousins, unto my brother, Harold Adler, if he is living at the time of my death." We agree with the trial court that he did not.

[2, 3]     When a will is presented for construction the intention of the testator is to govern and this is to be ascertained from the language used by him, giving effect, if possible, to every clause, phrase, and expression in the entire instrument. *Trust Co. v. Wolfe,* 245 N.C. 535, 96 S.E. 2d 690; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356. Moreover, a will is the most personal and individual of all legal

documents. Through its language each individual testator seeks to express his own intentions as to the disposition after his death of his own properties among his own chosen beneficiaries. For him, his properties and his beneficiaries are unique. Therefore, the construction arrived at by the courts in interpreting other wills written by other testators under other circumstances and affecting other properties and other beneficiaries, serve only as useful guides. Ultimately, the ascertainment of the true intention of each testator as expressed in his will and as affecting his individual properties and beneficiaries, must be approached afresh in each individual case. Much depends on the wording of each particular will as it relates to the circumstances of each individual testator. "In the construction of a will, therefore, 'Every tub stands upon its own bottom,' except as to the meaning of words and phrases of a settled legal purport." Clark, C.J., in *Patterson v. McCormick*, 181 N.C. 311, 107 S.E. 12.

[4]    The word "effects," standing alone, has anything but a "settled legal purport." See Annotation, 80 A.L.R. 941. As pointed out by Adams, J., in the case of *In Re Wolfe*, 185 N.C. 563, 117 S.E. 804, "the individual cases construing 'effects' are of value only for the purpose of illustration, each case being a law unto itself; but there seems to be a practical unanimity of judicial decision, with the exception of certain English cases, that the word 'effects' used *simpliciter* or in a general or unlimited sense and unaffected by the context, signifies all that is embraced in the words 'personal property,' but is not sufficiently comprehensive to include real estate. 'Effects,' however, may include land when used as referring to antecedent words which describe real estate, or when used in written instruments in which the usual technical terms are not controlling, as in *University v. Miller*, 14 N.C. 188; *Graves v. Howard*, 56 N.C. 302, and *Page v. Foust*, 89 N.C. 447."

[5]    In the present case testator did not use the word "effects" *simpliciter*, but used it in the phrase "personal effects." The ascertainment of the correct meaning of these words in varying contexts has occasioned considerable difficulty. *In Re Burnside's Will*, 185 Misc. 808, 59 N.Y.S. 2d 829. In the present case, however, it is apparent that the testator did not intend these words as used by him in Article VI of his will to include all of his personal property of every nature. Such a construction would render completely meaningless the bequest of "(a)ll the rest and residue of my estate of whatsoever nature and wheresoever situated," as contained in the next succeeding Article of his will. Testator owned no real estate. He did own personal property of substantial value. He made elaborate and

detailed provisions in Article VII for separate trust funds for the benefit of the children of his brother. In Article VIII he granted his trustee broad discretionary powers in the administration of these trust funds. The very care with which these provisions in Articles VII and VIII were drawn clearly negatives any idea that the testator had the draftsman of his will insert them merely to indulge in an academic exercise in futility. Such would have been the case had he already disposed of his entire personal property of every nature by the provisions of Article VI. It is clear, therefore, that testator by using the words "all the rest and residue of my personal effects," in Article VI, did not intend thereby to dispose of all of his personal property of every nature. On the contrary, it is clear that he was using the words "personal effects" in a more limited sense.

[1, 6, 7]    "Every expression to be correctly understood ought to be considered with a view to the circumstances of its use." *Poindexter v. Trust Co.*, 258 N.C. 371, 128 S.E. 2d 867; *Heyer v. Bulluck, supra.* The words "personal effects" have been defined as "property especially appertaining to one's person and having a close relationship thereto." Webster's Third New International Dictionary (1968). In the present case, however, the testator further clarified his intention by using these words in connection with others. He went on to exclude from the operation of these words any automobiles, thereby avoiding the interpretation which some courts have given when interpreting other wills. (See, e.g., *In Re Jones' Estate,* 128 Misc. 244, 218 N.Y.S. 380; *In Re Winburn's Will,* 139 Misc. 5, 247 N.Y.S. 584; *contra, Jones v. Callahan,* 242 N.C. 566, 89 S.E. 2d 111.) He expressly included jewelry, clothing, and his household furniture, as well as such of his china, silver and crystal as should not be desired by his two cousins. By using the words "personal effects" in conjunction with these other terms, it is apparent that testator intended to include only things *ejusdem generis* with those covered by the other terms. A houseboat is clearly not *ejusdem generis* with articles of jewelry, clothing, household furniture, china, silver or crystal.

That testator was advertent to the fact that he owned the houseboat "Heaven" is apparent from his reference to it by name in Article IV of his will. The houseboat was of substantial value, as evidenced by the fact that it brought more than $6,000.00 when sold by his executor shortly following his death. The very fact that testator at the time of executing his will was advertent to his ownership of a houseboat of such value further strengthens our conclusion that he did not intend to dispose of it by relying upon a strained construction of the words "personal effects" to accomplish such purpose. Had

he really intended to bequeath his houseboat to his brother, it is more reasonable to assume he would simply have said so.

The judgment appealed from is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.