[No. 51-40511-2.   Division Two.   January 29, 1970.]

*In the Matter of the Estate of ANNA E. WEISSENBORN, Deceased.*

*Asmundson, Rhea & Atwood* and *David E. Rhea,* for appellant.

*Schumacher & Charette, John W. Schumacher, Parker & Johnson,* and *Ingram, Zelasko & Goodwin,* for respondent.

PEARSON, J.—This appeal involves construction of certain provisions of the last will and testament of Anna E. Weissenborn, deceased.

The dispute is between Delores and Roy Nicholas (Delores was the niece of testatrix), who claim under a specific bequest of personal property, and the residuary legatees,

Grays Harbor Community Hospital of Aberdeen, Washington, and Our Saviour's Lutheran Church of Aberdeen, Washington.

The trial court held that the residuary legatees were entitled by the will to inherit bank accounts and cash ($16,675.35, schedule B of the inventory) and certain miscellaneous cash or intangible personal property ($1,082.78 listed on schedule C of the inventory).

The specific legatees appeal, claiming that proper construction of the will requires they be awarded those assets.

Pertinent provisions of the will are as follows:

I do herewith make the following specific bequests to the following persons:

(a) To DELORES A. NICHOLAS I bequeath my platinum ring containing a one (1) caret [sic] diamond and my white gold wristwatch, containing thirty-two (32) small diamonds.

(b) To JUDY K. WEISSENBORN I bequeath my gold ring containing three (3) diamonds.

(c) To DELORES and ROY NICHOLAS I bequeath all the rest, residue and remainder of my furniture, personal belongings, personal effects and other personal property of every kind and nature; I devise and bequeath unto said persons further, the balance owing at my death, if any, on that certain real estate contract, dated March 10, 1966, by and between my husband and I as Sellers, and ROY and DELORES NICHOLAS, as Purchasers, covering certain property in Whatcom County, Washington, more specifically described as follows:

Lot 22, Block 7, Plat of Cottonwood Beach Park, the Northwest Quarter of the Southeast Quarter of Section 24, Township 40 North, Range 1, WWM, as per the map thereof recorded in Book 6 of Plats, page 48, in the Auditor's Office of Whatcom County, Washington.

(d) To GERTRUDE BARTHEL, ALBERT WEISSENBORN and HEDWIG MEIER, share and share alike, the balance remaining, if any, on Policy No. 886808 of the New England Mutual Life Insurance Company, that may be payable to my estate upon my death.

(e) All the rest, residue and remainder of all property and property rights of which I may die possessed, I give, devise and bequeath, share and share alike, to the GRAYS

HARBOR COMMUNITY HOSPITAL of Aberdeen, Washington, and OUR SAVIORS LUTHERAN CHURCH of Aberdeen, Washington.

The will also required payment of taxes from the residuary clause, which without the assets in dispute, consisted only of testatrix's home.

Appellants claim that the term "and other personal property of every kind and nature" in clause (c) of the will is clear and unambiguous; that by its legal definition it includes everything subject to ownership except real estate. Black's Law Dictionary, (3d ed. 1933). Therefore, testatrix intended the specific legatees to have the cash, bank accounts, and other miscellaneous items of intangible personal property.

Respondents, on the other hand, claim that the will was ambiguous; that the trial court's determination that personal property did not include intangibles, should be upheld by consideration of the several provisions of the will, and by application of the legal maxim ejusdem generis.

The maxim, ejusdem generis, is a rule of construction, namely, that where certain things are enumerated and a more general description is coupled with the enumeration, the general expressions are intended to cover only things *of the same kind as those enumerated. See* 57 Am. Jur. *Wills* § 1130 at 724 (1948).

We agree with the respondent that the various provisions of the will do raise some questions which we denominate as ambiguities in light of the sizable bank accounts which testatrix had at the time of her death:

(1) Why did testatrix omit mentioning the large bank accounts at all and yet in paragraph (c) mention furniture, personal belongings and personal effects?

(2) If she had intended intangibles to be a part of paragraph (c) ("and other personal property of every kind and nature") why did she, in the same paragraph, specifically award to the same legatees another intangible (vendor's interest in a real estate contract)?

(3) If she had intended her niece to have her bank accounts, why wouldn't she specifically mention those accounts of substantial size as she did the platinum ring and gold wristwatch?

(4) Why would she burden the residuary estate with the taxes unless she intended the bank accounts to furnish the liquidity with which to make such payments?

(5) If she had intended the residuary legatees to inherit only her home, why wouldn't she simply make a specific devise of that item to the charities?

(6) If the words "personal property" were intended in their legal sense, what was the need of specifying furniture, personal belongings and effects?

■ The answers to these questions raise conflicting inferences which create an ambiguity, justifying the use of reasonable rules of construction to ascertain what, in fact, testatrix's intention was with respect to the items in dispute. *In re Estate of Torando,* 38 Wn.2d 642, 228 P.2d 142 236 P.2d 552 (1951).

■ The Washington Supreme Court has not specifically applied the ejusdem generis rule of construction, although in an early decision it declined application where to do so would result in a partial intestacy. *In re Estate of Lotzgesell,* 62 Wash. 352, 113 P. 1105 (1911). This obstacle is not present in this case.

There is substantial authority elsewhere supporting the use of ejusdem generis (in cases similar to this one) as a guide to determining the intentions of the testatrix where ambiguity exists and where the application of the maxim will not result in intestacy. *See* 94 A.L.R.2d 1107 (1964) for a collection of these cases.

In the early case of *Bills v. Putnam,* 64 N.H. 554, 15 A. 138 (1888), the specific bequest provided that the "wearing apparel, household furniture, and personal property of every name, nature, and description" was to go to her daughters as specific legatees. The general residuary clause containing real estate went to other legatees.

In applying ejusdem generis to the specific bequest, the court stated its rationale at 561:

The term "personal property," in its broadest legal signification, includes everything the subject of ownership not being land or an interest in land, as goods, chattels, money, notes, bonds, stocks, and choses in action generally. In the ordinary and popular understanding, however, it is frequently used in a more restricted sense, as including goods and chattels only, and embracing such movable and tangible things as are the subjects of personal use, and it is at least doubtful whether the term personal property is generally understood to include money, notes, and choses in action.

In considering the specific bequest under consideration, the court in *Bills* stated at 561:

The will furnished evidence that the testatrix understood and used the term "personal property" in this restricted sense. The language of the bequest to the daughters is "All my wearing apparel, household furniture, and personal property of every name, nature and description." In the construction of wills, as well as statutes, when certain things are enumerated, and a more general description is coupled with the enumeration, that description is commonly understood to cover only things of a like kind with those enumerated. This is because it is presumed the testator had only things of that class in mind. [Citing case.] By this rule of construction the words personal property in the bequest to the daughters are to be interpreted as embracing only things of like kind with those enumerated. [Citing case.] If the language was intended to embrace everything except the real estate, the enumeration of the wearing apparel and household furniture was superfluous.

*See also In re Estate of Parson,* 161 Pa. Super. 330, 54 A.2d 287 (1947); *Gist v. Craig,* 142 S.C. 407, 141 S.E. 26 (1927); *In re Estate of Paulsen,* 113 Colo. 373, 158 P.2d 186 (1945); *In re Estate of Horne,* 171 So.2d 14 (Fla. 1965); 57 Am. Jur. *Wills* § 1130 (1948).

We believe that the trial court was correct in applying ejusdem generis to the will in this case. Its application does not cause an intestacy, but on the other hand, tends to

reconcile all of the provisions of the will, giving some meaning to each part, without rendering a strained and unnatural construction. *In re Estate of Price,* 75 Wn.2d 884, 454 P.2d 411 (1969).

Accordingly, the order approving final account is affirmed.

ARMSTRONG, C. J., and PETRIE, J., concur.