PbaesoN, C. J.
 

 1. Under the third clause of the will of William Hogan, Mrs. Hogan took a life-estate in the land and personal estate therein mentioned, with a power of appointment among the children at her death, but in the profits of this property, and one-fifth of the produce of the mill-plantation during her life, she took an absolute interest, and was entitled to such portion thereof, as she did not find it necessary to expend; and these- “•savings” pass under her will.
 

 But her will is not an effectual exercise of the-power of appointment. It does not refer to the power, or purport to act under it. Nor does it mention, specifically, any of the pro
 
 *87
 
 perty willed to her by Col. Hogan; but professes simply, to dispose of her
 
 own estate;
 
 so, that it may well be doubted whether, in this point of view, it could have effect as an exercise of the power. But, if we suppose the reference made to the compromise between herself and her son Pleasant Hogan, is sufficient to connect her will with the power, so as to show an intent thereby to exercise it, another difficulty is presented, which we consider fatal. The compromise shows, that in order to relieve herself from a' liability to Pleasant, which he was about to enforce by suit, she agreed so to exercise the power ás to give him a double share; and, in pursuance of that agreement, she does give him a double share. It is settled that a person having a power of appointment for the benefit of others, is not at liberty to use it for his own benefit; and, if he does so, it makes the exercise of the power entirely inoperative. Thus; if a parent has a power of appointment to such of his children as he may choose, he cannot appoint it to one of the children
 
 wpon a bargain beforehand for his own benefit;
 
 Adams’ Eq. 185. The grounds upon which this-doctrine is based, are too obvious to require comment, and its application to the case under consideration, is manifest.
 

 The power not having been duly exercised, and there being no limitation over, in default of appointment, the question arises, who is entitled to this property, upon the falling in of the life-estate ? There is no general residuary clause' in the will of Col. Hogan. In the Yth clause he directs the residue of his estate, both real and personal, to be equally divided amongst his children by his executors, when the youngest child shall arrive at the age of eighteen years, and thus, by necessary implication, excludes the property which he had given his wife for life, with a power of appointment by her among his children, for there is no connection between the time of his wife’s death and the time when the youngest child should arrive at the age of eighteen. One might happen long before or after the other, consequently, the property given to his wife cannot be included in that which he directs should be divided by his executors; and, being undisposed of
 
 *88
 
 bj bis will, passed to his distributees under the statute of distributions; the legal effect being that by the will, Mrs. Ilogau took a life-estate, and the reversionary interest passed by act of law to the distributees subject to be divested by the exercise of the power of appointment. It follows that Mrs. Hogan was entitled to a distributive share of this undisposed of fund, for the life-estate given to her by the will, does not exclude her from claiming her part of what.is not embraced by the will. This interest, and her “savings” from the profits of her life-estate, and any other estate she may have owned, pass under her will. So, it also follows that the three children of Mrs. Jones, a deceased daughter, are entitled to a share of this fund; for the words of exclusion, as to them, only have the effect of preventing any further claim by them
 
 wnder the
 
 will, and do not embrace an interest as to which he died intestate;
 
 Dunlap
 
 v.
 
 Ingram,
 
 4 Jones’ Eq. 178.
 

 2. The legacies of the sum of' $1000 to each of the three children of Mrs. Jones, were vested, although not to be paid, until they respectively arrived at the age of twenty-one years; consequently, the administrator of John Jones is entitled to his legacy, but he is not entitled to interest except from the time when he would have arrived at age. His dying before that time, does not entitle his representative to claim the money or interest on it, sooner than he would have been entitled had he lived. There will be a decree against the executor for these legacies and interest, to be paid in money. For, the discretion of the executor to pay in land or negroes, ought to have been exercised at the time the legacies were payable, and the arrangements which Mrs. Hogan attempts to make in her will, has no legal effect.
 

 3. As Alexander Hogan, of his
 
 own accord,
 
 declined to study a profession, we can see no ground upon which he can take advantage of his own fault, or rather, his own pleasure, in order to free himself from a charge which the testator annexed to his share of the estate. The cases cited by Mr.
 
 Miller,
 
 do not support the position taken by him. If a legacy of $1000 be given to one to be paid when he arrives at age, and
 
 *89
 
 the interest is directed to be applied to his education, he is entitled to the interest, although he becomes a lunatic; because it was a direct gift to him with a mere direction as to its application. So, if $100 is given for the nurture of A, and also, $100 to bind him apprentice, and the
 
 ewe autor neglects
 
 to bind him, A is entitled to the $100 which ought to have been applied to putting him out as an apprentice; for, it was the fault of the executor, and not that of A, that lie was not bound apprentice;
 
 Barton
 
 v.
 
 Cooke, 5
 
 Ves. Rep. 461; which distinguishes from our case. Resides, there is not here any gift to Alexander, but only a direction that he shall be supported out of the estate until lie gets his profession, witli a charge of $1000 upon his share, and that of John and William. So the charge is positive, and the provision for his support was, of course, left for his election, and because he chose to disappoint the expectation of the testator, by not studying a profession,
 
 non
 
 constat, that he thereby relieved himself of the charge. There must be a decree and reference conform: ing to this opinion.
 

 Peb Oubiam, Decree accordingly.