WACHOVIA BANK & TRUST COMPANY, TRUSTEE UNDER A LIVING TRUST AGREEMENT WITH MARY R. HANES, ALEXANDER S. HANES, JR., AND ELIZABETH H. STRUBING, DATED AUGUST 5, 1944, v. ANNE WRIGHT HANES HUNT, ALEXANDER STEPHEN HANES, III, AND CHARLES ROBINSON HANES, II, BY HIS GUARDIAN *Ad Litem*, LLOYD C. CAUDLE.

(Filed 4 May, 1966.)

1. **Wills § 57—**
   A devise or bequest of all of testator's real or personal property, or both, is general.

2. **Wills § 39—**
   A power of appointment is general when there is no restriction imposed upon the donee as to the amounts or persons he may appoint; a power of appointment is special when there is any limitation on the donee as to those who may be appointed.

3. **Same—**
   The intent to exercise the power of disposition may be either express or implied, or supplied by statute.

4. **Same—**
   G.S. 31-43 applies to the exercise of general powers of disposition and not to the exercise of special powers.

5. **Same—   General devise is not exercise of special power of appointment unless intent to do so appears, expressly or impliedly from the will.**
   The trust in question gave the life beneficiary the power to dispose of the *corpus* to such person or persons within a class composed of the grantors' issue and the spouses thereof as the beneficiary should designate and appoint in his will. The beneficiary's will bequeathed and devised to his wife all of his property, both real and personal. The beneficiary owned a large estate *aliunde* the trust property over which he had power of disposition. *Held:* Since the power of disposition was special, G.S. 31-43 does

not apply, and since the will does not refer to the power, and the exercise of the power is not essential to the efficacy of the will as a testamentary instrument, an intent to exercise the power may not be implied.

**6. Trusts § 10—**

Where a trust provides that it should continue until the issue of the life tenant shall severally obtain the age of 21 years, whereupon the property then constituting each of such issue's share should be distributed to him or her, each child is entitled to his share upon obtaining the age of 21 years.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.

APPEAL by defendants Alexander Stephen Hanes, III, and Charles Robinson Hanes, II, from *Crissman, J.,* February 8, 1965, Civil Session of FORSYTH, docketed in the Supreme Court as Case No. 437 and argued at the Fall Term 1965.

Action by plaintiff trustee for a declaratory judgment decreeing the distribution of trust funds. The parties waived a jury trial, and the facts are not in dispute.

On August 5, 1944, Mary R. Hanes (58) and her two children, Elizabeth H. Strubing (35) and Alexander S. Hanes, Jr. (31), delivered to plaintiff trustee $70,920.63, which it agreed to administer for them under the terms of a "Living Trust Agreement." The provisions of the trust agreement pertinent to this appeal are as follows:

"(1) The net income from the trust shall be paid at convenient intervals to Mary R. Hanes during her lifetime. Upon her death the properties then constituting the trust shall be divided into two equal parts which shall be further administered and disposed of as follows:

"(2) One of such equal parts shall be held as a separate trust and the net income therefrom shall be paid at convenient intervals to Alexander S. Hanes, Jr. during his lifetime. Upon his death if he shall survive Mary R. Hanes, or upon her death if he shall not survive her, the properties then constituting the trust shall be administered for or distributed to such person or persons (other than himself or his estate) within a class composed of the Grantors' issue and the spouses thereof as Alexander S. Hanes, Jr. shall designate and appoint in his will and in such amounts or proportions and upon such terms and conditions as he shall therein specify. If this power of appointment shall not be effectually exercised as to all or any portion

of the properties then constituting the trust, then and in such event so much of said properties as shall not be disposed of by the effectual exercise of this power of appointment, shall be disposed of as follows:

"(a)  If Alexander S. Hanes, Jr. shall have issue then living, the trust shall continue and the net income therefrom or the principal thereof shall be applied in such manner and at such intervals and in such amounts as the Trustee in its sole discretion shall deem desirable or requisite for the benefit of such issue *per stirpes,* until such issue shall severally attain the age of twenty-one years, whereupon the properties then constituting each of such issue's share shall be distributed to him or her, discharged of all trusts."

The agreement made an identical disposition of the other half of the corpus in favor of Elizabeth H. Strubing.

Alexander S. Hanes, Jr., died testate on July 12, 1955. For estate tax purposes, his adjusted gross estate (debts and expenses deducted) was valued at $481,829.30, including a value of $100,149.75, for the trust property which is the subject of this action. Surviving him were his wife, Anne Wright Hanes (now Hunt), and two children, defendant Alexander Stephen Hanes, III (now of age), and defendant Charles Robinson Hanes, II, born on December 16, 1945, and represented in the action by his guardian *ad litem,* Lloyd C. Caudle.

Paragraph I of the will of Alexander S. Hanes, Jr. (the only part pertinent to this appeal), is as follows:

"I do hereby bequeath and devise unto my beloved wife, Anne Wright Hanes, all of my property, both real and personal, and wheresoever situate in fee simple."

Mary R. Hanes died on March 24, 1964. At that time the fair market value of the assets held by the trustee was approximately $456,000.00.

The trustee, being uncertain as to who is entitled to the one-half of the trust properties designated as the share of Alexander S. Hanes, Jr., instituted this action for instructions from the court. Specifically, the trustee seeks answers to three questions: (1) Whether the wife of Alexander S. Hanes, Jr., was within the class to whom he could appoint his share; (2) If so, whether he exercised his power of appointment in her favor; and (3) If not, whether Alexander Stephen Hanes, III, is entitled to the immediate distribution of his share, or must the trustee hold it until Charles Robinson Hanes, II, attains the age of 21 or shall sooner die?

The trial court answered the first two questions YES and entered judgment that the share of Alexander S. Hanes, Jr., in the trust belongs to Anne Wright Hanes Hunt. Defendants Alexander Stephen Hanes, III, and Charles Robinson Hanes, II, excepted to the judgment and appealed.

*Womble, Carlyle, Sandridge & Rice for plaintiff appellee.*

*Herbert, James & Williams for Anne Wright Hanes Hunt, defendant appellee.*

*Wardlow, Knox, Caudle & Wade for Alexander Stephen Hanes, III, and Charles Robinson Hanes, II, by his guardian ad litem, Lloyd C. Caudle, defendant appellants.*

SHARP, J. The first question which we must consider is not whether Anne Wright Hanes (now Hunt), as the spouse of Alexander Stephen Hanes, Jr. (one of the grantors and the issue of another grantor), is within "a class composed of grantors' issue and spouses thereof" and therefore a possible appointee of her husband, Alexander S. Hanes, Jr. Conceding *arguendo* that she was, yet she cannot take under his special power of appointment unless he exercised it in her favor by his general devise "unto my beloved wife, Anne Wright Hanes, all of my property. . . ." A devise or bequest of all of testator's real or personal property, or both, is general. *In re Marinos' Estate*, 39 Cal. App. 2d 1, 102 P. 2d 443. 38 C.J.S., p. 762 (1943); 96 C.J.S., Wills § 1130 (1957).

Special powers of appointment are those in which the donee of the power is restricted to passing on the property to specified beneficiaries, to members of a specific class of beneficiaries, or to any beneficiaries except those specifically excluded. 41 Am. Jur., Powers § 4 (1942). "A power is general where no restriction is imposed upon the donee as to the person or persons to whom he may appoint or the amount which each person shall receive." *O'Hara v. O'Hara*, 185 Md. 321, 325, 44 A. 2d 813, 815, 163 A.L.R. 1444, 1448. Clearly the power of appointment with which we are here concerned was a special power.

To support the execution of any power of appointment, except where the intent is supplied by statute, the donee's intention to execute the power must appear. Where such intention does appear, either expressly or impliedly, in an instrument suitable to the execution of the power, the power is effectually exercised. 72 C.J.S., Powers § 40 (1951).

In *Carraway v. Moseley*, 152 N.C. 351, 353-54, 67 S.E. 765, 766 (a case involving a special power of appointment which the court

held had not been exercised by a special devise of property),
Walker, J., stated the rule in the following widely quoted language:

> "The rule generally accepted is that if the donee of the
> power intends to execute it, and the mode be, in other respects,
> unexceptionable, that intention, however manifested, whether
> directly or indirectly, positively or by just implication, will
> make the execution full and operative; the intention to execute
> the power must be apparent and clear, so that the transaction
> is not fairly susceptible of any other interpretation; and if it
> be doubtful under all the circumstances, that doubt will prevent
> it from being deemed an execution of the power. It is not neces-
> sary, therefore, that the intention to execute the power should
> appear by express terms or recitals in the instrument, but it is
> sufficient that it appears by words which, when fairly con-
> strued, indicate the intention of the donee to execute the power.
> Three classes of cases have been held to be sufficient demonstra-
> tions of such intention: (1) Where there has been some ref-
> erence in the will, or other instrument, to the power; (2) or a
> reference to the property which is the subject on which it is to
> be executed; (3) or where the provision in the will, or other
> instrument executed by the donee of the power, would other-
> wise be ineffectual or a mere nullity, or, in other words, it would
> have no operation except as an execution of the power. . . .
> This Court adopted the rule in *Taylor v. Eatman,* 92 N.C. 601,
> and held that, as a general rule, in executing a power, the deed
> or will should regularly refer to it expressly, and it is usually
> recited; yet it is not necessary to do this if the act shows that
> the donee had in view the subject of the power at the time.
> . . . It has generally been held that a will need not contain
> express evidence of an intention to execute a power. If the will
> be made without any reference to the power, it operates as an
> appointment under the power, provided it cannot have opera-
> tion without the power. The intent must be so clear that no
> other reasonable one can be imputed to the will, and if the will
> does not refer to a power or the subject of it, and if the words
> of the will may be satisfied without supposing an intention to
> execute the power, then, unless the intention to execute the
> power be clearly expressed, there is no execution of it. For this
> statement of the law we have the authority of Chancellor Kent.
> 4 Kent's Commentaries, (13 Ed.) marg. p. 335."

See annotation incorporating the above in 1914 D Ann. Cas. 586.

Applying these principles to the will of Alexander S. Hanes, Jr.,

no intention to execute the power in question is disclosed. The instrument contains no reference to the power or to the trust property itself. Furthermore, irrespective of the power, the will operated to vest in Anne Wright Hanes other property valued at $381,679.55. It was, therefore effectual "on its own" without construing it to be an exercise of the power. See *Ryder v. Oates,* 173 N.C. 569, 574, 92 S.E. 508, 511.

To supply the necessary intent lacking in the will itself, appellees rely upon G.S. 13-43, which provides:

> "General gift by will an execution of power of appointment.— A general devise of the real estate of the testator, or of his real estate in any place or in the occupation of any person mentioned in the will, or otherwise described in a general manner, shall be construed to include any real estate, or any real estate to which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper; and shall operate as an execution of such power, unless a contrary intention shall appear by the will; and in like manner a bequest of the personal estate of the testator, or any bequest of personal property, described in a general manner, shall be construed to include any personal estate, or any personal estate to which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power, unless a contrary intention shall appear by the will."

This statute (Pub. L. 1844, ch. 88, § 5) is identical with § 27 of the English Wills Act of 1837 (7 Wm. IV & 1 Vict., Ch. 26). It has been suggested that this Act was passed to guard against the inadvertence of a life tenant with a general power of appointment. Accustomed throughout his life to treating the land as if it were his in fee, he might overlook making a specific appointment of the particular property and attempt to dispose of it by a general devise. In such event, if he owned other property which would pass under the devise, the power remained unexecuted and his devisees lost the property by his default.

Construing the Wills Act of 1837, the English courts have held that § 27 is applicable only to general powers of appointment. In *In re Byron's Settlement, Williams v. Mitchell,* [1891] 3 Ch. 474, *B* conveyed lands in trust for her daughter *R* and "for such person or persons (not being her said present husband, or any friend or relation of his) as *R* shall by deed or will appoint." In default of ap-

pointment, the ultimate remaindermen were the heirs of the grantor. At the time of her death *R* owned real estate other than the trust property. By her will she devised all of the property to her sister *A* and certain of *A's* descendants. In holding that *R* had not exercised her power and that her will was inoperative with reference to the trust property, Kekewich, J., said:

"(T)he 27th section of the *Wills Act* . . . enacts that a general power of appointment. by will may be exercised by a general devise. This is not intended apparently to overlook or alter the distinction between property and power; but on the other hand it was intended to recognise what is familiar to all lawyers, namely, that a general power of appointment, though in technical character certainly different from property, is in substance and practice so nearly resembling it that injustice may easily be done by preserving technical rules and insisting on their application. The Act interposes to prevent that injustice, and says in effect that a man who has a general power of appointment — that is, a power to dispose of property in any way he thinks fit — is really the owner in fee simple of the property the subject of the power, and, that being so, it is only right and fair that he should be at liberty to devise the property, and to exercise over it the right of ownership instead of exercising the power of appointment. That, in my opinion, is the effect of the Act.

"Thus regarded, one understands without any difficulty the intention and meaning of the words, 'which he may have power to appoint in any manner he may think proper.' Anything less than a power to appoint as he thinks fit is not equivalent to ownership. A power so to appoint, but with an exception, is something less than proprietorship. A man is not any more the proprietor of land or money if he has power to appoint to all the world except to the children of *A.* than he is if he has power to appoint to the children of *B.* It is, in either case, a power of selection, not ownership; the appointor cannot deal with the property as he pleases. . . . It is a power to appoint in any manner the donee may think proper except in a particular manner which is specified; and, there being a specified exception, the generality of the power is gone.

\*      \*      \*

"Upon the construction of the Act, and upon principle, it appears to me that we have here a power not general — that is to say, it is not a power to appoint 'in any manner' the donee

may think proper, but it is a power to appoint 'in any manner' with an exception, which exception destroys the generality of the power.

\*   \*   \*

". . . I am, therefore, of opinion that the power of appointment . . . was not a general power, and not such a power as could be exercised by a general devise under sect. 27 of the *Wills Act.* . . ."

*Accord, Cloves v. Awdry,* 12 Beav. 604, 50 Eng. Rep. 1191.

Our research has revealed only one North Carolina case involving the exercise of a limited power in which the opinion refers to G.S. 31-43 (then Rev. § 3143). In *Ryder v. Oakes, supra,* by a deed of settlement, *W* conveyed certain hotel property in trust for his wife for life with remainder over. He reserved "power to reappoint the property" in the event he survived his wife. By his will, he devised the residue of his estate to his wife for life, remainder to his children. *W* did not survive his wife; so no power existed. Notwithstanding, it was strenuously argued in the briefs that the hotel property had passed under his will. The comment of Clark, C.J., upon this contention was:

> "In this will there is no reference to the power, nor any distinct references to the Central Hotel property, and the will is effectual without construing it to be an exercise of the power, because the testator at his death owned a large amount of property besides the Central Hotel property. *Revisal, 3143, does not apply, because that refers only to general powers,* and the power here reserved is special. It is the power to appoint to other 'uses and trusts,' while the will does not undertake to declare any uses and trusts at all, but disposes simply of the fee. It does not purport in terms, or by reasonable construction, to be an execution of the power by will." *Id.* at 574, 92 S.E. at 511. (Italics ours.)

In *Holt v. Hogan,* 58 N.C. 82, this Court, without mentioning the statute, held that a general devise of "the residue" of the estate of testatrix (who owned property in her own right) was not an effective exercise of a special power.

Appellees rely upon *Johnston v. Knight,* 117 N.C. 122, 23 S.E. 92, which they cite as authority for their contention that "the rule of G.S. 31-43 is equally applicable where the power to appoint by will is limited to a certain class, if a general gift by will is made to a member of the class." We do not so interpret that case. In *Johnston,*

*T* devised her estate to her sister *H* for life, remainder to *P* and the heirs of *K*, *L* and *M* (all brothers and sisters of *T*), in such proportion as *H* should appoint by her will. By her will, after making several specific legacies, *H* devised the balance of her estate to be equally divided among those persons named in the special power of which she was donee. In holding that *H* had exercised her power, the court, without mentioning Rev. § 3143, concluded that the will itself disclosed *H*'s intention to exercise the power. The opinion pointed out that she had devised to *all* of the identical persons designated in the will of *T* and to no others and that she could have devised the property to no one else. We think that case merely applied the rule that where the donee of a power, general or special, clearly manifests an intention to execute it, effect will be given to his intent. *Taylor v. Eatman*, 92 N.C. 601. It did not extend the application of the statute to special powers. See *Schaeffer v. Haseltine*, 228 N.C. 484, 46 S.E. 2d 463; *Walsh v. Friedman*, 219 N.C. 151, 13 S.E. 2d 250.

The effect of both § 27 of the English Wills Act and G.S. 31-43, then, is that a general devise or bequest shall be construed to include any real or personal property which the testator may have power to appoint *in any manner he may think proper* and shall operate as an execution of such power unless a contrary intention appears in the will. 41 Am. Jur., Powers § 43 (1942). A power to appoint in any manner the donee may think proper is a power upon which no restrictions are imposed — a general power. G.S. 31-43 thus applies only to general powers of appointment. We hold, therefore, that the general devise by Alexander S. Hanes, Jr., to his wife cannot be construed to include the trust property over which he had a special or limited power of appointment, since (1) his will discloses no intent to execute the power and (2) G.S. 31-43 applies only to general powers. There having been no effectual exercise of the power by Alexander Hanes, Jr., it is necessary to answer the trustee's third question. Paragraph (2)(a) of the trust agreement provides that, after the death of Mary R. Hanes and Alexander Stephen Hanes, Jr. (the latter not having exercised his power), the income from his part shall be used for the benefit of the issue of Alexander S. Hanes, Jr., *per stirpes* "until such issue shall *severally* attain the age of 21 years, whereupon the properties then constituting each of such issue's share shall be distributed to him or her, discharged of all trusts." Alexander Stephen Hanes, III, having already attained the

age of 21 years, is entitled to the immediate distribution of his one-half interest in the subject property.

Error and remanded.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.