IN THE MATTER OF: FIRST CITIZENS BANK & TRUST COMPANY, AS EXECUTOR OF THE ESTATE OF MARY RUTH FLEMING; FIRST CITIZENS BANK & TRUST COMPANY, AS TRUSTEE UNDER THE WILL OF ARCHIE F. FLEMING, JR. v. THOMAS POE FLEMING, MARTHA RACHEL McNALLY, CLIFTON EARL FLEMING, JR., DOUGLAS SYLVESTER FLEMING, GERRY ELLIOTT McFARLAND, BENJAMIN WILSON ELLIOTT, III, LAWRENCE NELSON ELLIOTT, ROBERT DAY ELLIOTT, MARGARET ELLIOTT RUFF, ELON COLLEGE, SALEM ACADEMY AND COLLEGE, AND FIRST PRESBYTERIAN CHURCH OF MOREHEAD CITY

No. 853SC229

(Filed 29 October 1985)

**Wills § 40.4— power of appointment—not mentioned in residuary clause of donee's will—not exercised**

> The trial court did not err by holding that a general residuary clause in a will failed to exercise a power of appointment established in a trust because it did not refer to the power of appointment. A power of appointment does not concern the "execution and attestation" of a will within the meaning of G.S. 31-4; to hold that G.S. 31-4 nullifies the specific reference requirements would

be to prevent a testator from guarding against inadvertent exercise of a general power even if he were particularly concerned about such inadvertence.

APPEAL by defendant, First Presbyterian Church of Morehead City, from *Winberry, Judge.* Order entered 7 January 1985 in Superior Court, CARTERET County. Heard in the Court of Appeals 14 October 1985.

This is a declaratory judgment action wherein plaintiff bank seeks proper disposition of a trust fund held by the bank. From judgment on the pleadings, defendant church appealed.

*Stanley & Simpson, by Richard L. Stanley, for First Presbyterian Church of Morehead City, defendant, appellant.*

*Womble Carlyle Sandridge & Rice, by Linwood L. Davis and Michael E. Ray, for Salem Academy and College and Elon College, defendants, appellees.*

HEDRICK, Chief Judge.

The central issue on this appeal is whether a general residuary clause in a will constitutes an effective disposition of property under a power of appointment which purports to require a specific reference to the power of appointment in the document making the disposition.

The power of appointment at issue reads as follows:

So much of the principal of this trust as shall remain in the hands of my Trustee at the time of the death of my wife shall be transferred and delivered, discharged of the trust, to such appointee or appointees of my wife, including my wife's estate, and in such amounts or proportions and upon such terms and provisions as my wife shall appoint and direct in an effective will or codicil specifically referring to this power of appointment . . . . If this power of appointment shall not be effectually exercised as aforesaid as to all or any portion of such principal, so much of the said principal as shall not have been disposed of by the effectual exercise of such power of appointment shall pass as a part of the remainder of my residuary estate and be disposed of in accordance with the provisions of Items hereinafter set forth as if I had died on the date of my wife's death.

The residuary clause which appellant claims exercised the power of appointment states in pertinent part:

ITEM FIVE

All the residue of my estate remaining after the payment of all taxes, inheritance and estate, costs of administration, funeral expenses and debts I will, devise and bequeath to my Executor and do direct that my said Executor shall immediately liquidate my estate in such manner as it may deem proper and appropriate and distribute the proceeds thereof as follows. . . .

The trial court ruled that because Mary Fleming's will failed to refer to the power of appointment, the will did not exercise her power.

Appellant contends that G.S. 31-4 nullifies the requirement of specific reference. G.S. 31-4 provides that:

No appointment, made by will in the exercise of any power, shall be valid unless the same be executed in the manner by law required for the execution of wills; and every will, executed in such manner, shall, so far as respects the execution and attestation thereof, be a valid execution of a power of appointment by will, notwithstanding it shall have been expressly required that a will made in exercise of such power should be executed with some additional or other form of execution or solemnity.

We are now called upon to interpret G.S. 31-4 for the first time in the statute's 140 year history. We declined to hold that G.S. 31-4 nullified a provision in a power of appointment requiring specific reference in *Bank v. Moss*, 32 N.C. App. 499, 233 S.E. 2d 88, *disc. rev. denied*, 292 N.C. 728, 235 S.E. 2d 783 (1977), by deciding the case on other grounds. We now hold that a provision calling for reference to a power of appointment does not concern the "execution and attestation" of a will within the meaning of G.S. 31-4.

In North Carolina and a minority of other states, a power of appointment upon which no restrictions are imposed is exercised by a residuary clause. G.S. 31-43; *Trust Co. v. Hunt*, 267 N.C. 173, 148 S.E. 2d 41 (1966). It has been suggested that this rule was originally created to guard against the inadvertent failure of a life

tenant to exercise a general power of appointment. *Trust Co. v. Hunt*, 267 N.C. 173, 148 S.E. 2d 41 (1966).

In a majority of American jurisdictions, however, residuary clauses do not exercise a power unless the power is mentioned in the residuary clause. Thus, a majority of American jurisdictions are more concerned with the inequity of inadvertent exercise of powers of appointment than of inadvertent failure to exercise powers of appointment. To hold that G.S. 31-4 nullifies specific reference requirements would be to prevent a testator from guarding against inadvertent exercise of a general power even if he were particularly concerned about such inadvertence.

None of the eighteen American jurisdictions with statutory schemes similar to North Carolina's have faced the question presented today. However, the English statutes upon which North Carolina's scheme was based have been interpreted in accord with this opinion. *Phillips v. Cayley*, 43 Ch. D. 222 (C.A. 1889). Other jurisdictions with statutory schemes similar to North Carolina's have reached the result we reach here by statute. *See, e.g.*, Wis. Stat. Ann. Sec. 232.44 (1957). The only legal scholar to address the question presented in the context of the North Carolina statutory scheme argued that the language in the North Carolina statute suggests the result we reach today. Rabin, Blind Exercises of Powers of Appointment, 51 Cornell L.Q. 1, 14-17 (1965). We therefore hold that in order to exercise a power of appointment calling for specific reference to the power before the power may be exercised, some reference to the power must be made.

Appellant also argues that because the meaning of both the phrase "specifically referring to this power of appointment" in Archie Fleming's will, and the residuary clause in Mary Fleming's will, are ambiguous, judgment on the pleadings was improper. There may be ambiguity in both provisions. *Bank v. Moss*, 32 N.C. App. 499, 233 S.E. 2d 88, *disc. rev. denied*, 292 N.C. 728, 235 S.E. 2d 783 (1977). However, the ambiguity is not significant in the context of this action. No conceivable interpretation of the two wills could make Mary Fleming's residuary clause meet the specific reference requirement created by Archie Fleming's will. We find no error.

Affirmed.

Judges BECTON and PARKER concur.