FIRST UNION NATIONAL BANK, EXECUTOR OF THE ESTATE OF F. BERNARD INGOLD, PLAINTIFF v. FRANCES Y. INGOLD, PHOEBE INGOLD SPRATT, ALICE S. HERMAN, BARNEY M. SPRATT, DR. C. JEAN SPRATT, W. ANDREW SPRATT, INDIVIDUALLY AND AS GUARDIAN/CUSTODIAN OF THOMAS A. SPRATT (A MINOR), JENNIFER H. WARREN, DEFENDANTS

No. COA99-270

(Filed 30 December 1999)

**Wills— general power of appointment—residuary clause— trust assets**

Even though the general rule is that specific reference must be made to a power of appointment before the power may be exercised, the trial court erred in concluding decedent's will had no effect on the disposition of decedent's trust because the residuary clause of decedent's will exercised the general power of appointment reserved by him in the pertinent trust since: (1) a power of appointment upon which no restrictions are imposed is exercised by a residuary clause; (2) the will does not indicate any intent not to exercise the power of appointment reserved by the trust; and (3) the trust does not indicate that decedent was required to refer to the reserved power in order for it to be exercised.

Appeal by defendant Frances Y. Ingold from judgment entered 15 January 1999 by Judge Loto Greenlee Caviness in Catawba County Superior Court. Heard in the Court of Appeals 25 October 1999.

*Tate, Young, Morphis, Bach & Taylor, by Wayne M. Bach and Kevin C. McIntosh, for plaintiff-appellee First Union National Bank.*

*Sigmon, Clark, Mackie, Hutton & Hanvey, P.A., by William R. Sigmon and Stephen L. Palmer, for defendant-appellant Frances Y. Ingold.*

*Patrick, Harper & Dixon, by Stephen M. Thomas, for defendant-appellees Phoebe Ingold Spratt, Alice S. Herman, Barney M. Spratt, Dr. C. Jean Spratt, W. Andrew Spratt, Debbie Darling Spratt as guardian ad litem of Thomas A. Spratt (a minor), and Jennifer H. Warren.*

*Shirley H. Anthony, Guardian Ad Litem for the minor and unborn issue of defendant Phoebe Ingold Spratt, who did not otherwise have a guardian.*

HUNTER, Judge.

Defendant Frances Y. Ingold ("appellant") appeals the judgment of superior court wherein it determined F. Bernard Ingold's ("decedent") last will and testament ("will") had no effect on the administration of a trust agreement ("Ingold Trust") executed by decedent. We reverse, concluding that a general power of appointment was reserved by decedent in the Ingold Trust and it was exercised by the residuary clause in his will.

The present action was instituted by First Union National Bank ("plaintiff") as executor of the decedent's estate seeking declaratory judgment under Article 26 of the General Statutes of North Carolina. Plaintiff alleged in its complaint that a trust executed by the decedent, when construed in conjunction with his will, created uncertainty as to the distribution of the trust assets. Appellant filed an answer also requesting construction of said documents, and requested that the court find that "the Last Will and Testament of F. Bernard Ingold [disposed] of the Ingold Trust Estate, thereby devising all the assets comprising said Trust Estate to Frances Y. Ingold." The remaining defendants filed a separate joint answer requesting that the court "enter judgment construing the trust agreement . . . according to its terms." The matter came on for hearing on 3 December 1998. On 15 January 1999, the court entered judgment wherein it stated that the decedent's trust should continue in force as if his will had no effect.

The evidence submitted to the court indicates that paragraph 2B of the Ingold Trust states in part:

Upon the death of the Grantor without his having provided for disposition of the Trust Estate by will and contrary to the provisions of this Agreement, the net income of the Trust Estate shall be paid to his wife, Frances Y. Ingold, in quarterly installments.

Under the trial court's ruling, this section would remain in force and appellant would only receive the net income of the trust estate in quarterly installments. The residuary clause in decedent's will provides:

I will, devise and bequeath all of my property of every kind, sort and description, both real and personal, unto my wife, Frances Y. Ingold, absolutely and in fee simple.

Appellant contends this devise exercised a power of appointment reserved by the decedent in paragraph 2B, resulting in the entire trust estate being devised to her. We agree.

The standard of review of a judgment rendered under the Declaratory Judgment Act is the same as in other cases. N.C. Gen. Stat. § 1-258 (1996). Thus, where a declaratory judgment action is heard without a jury and the trial court resolves issues of fact, the court's findings of fact are conclusive on appeal if supported by competent evidence in the record, even if there exists evidence to the contrary, and a judgment supported by such findings will be affirmed. *Insurance Co. v. Allison*, 51 N.C. App. 654, 277 S.E.2d 473, *disc. review denied*, 303 N.C. 315, 281 S.E.2d 652 (1981). Therefore, a judgment supported by findings based on any competent evidence must be affirmed.

Under our statutory code:

A general devise of the real estate of the testator, or of his real estate in any place or in the occupation of any person mentioned in the will, or otherwise described in a general manner, shall be construed to include any real estate, or any real estate to which such description shall extend, as the case may be, *which he may have power to appoint in any manner he may think proper; and shall operate as an execution of such power, unless a contrary intention shall appear by the will;* and in like manner a bequest of the personal estate of the testator, or any bequest of personal property, described in a general manner, shall be con-

strued to include any personal estate, or any personal estate to which such description shall extend, as the case may be, *which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power, unless a contrary intention shall appear by the will.*

N.C. Gen. Stat. § 31-43 (1999) (emphasis added). N.C. Gen. Stat. § 31-43 "is identical with § 27 of the English Wills Act of 1837 (7 Wm. IV & 1 Vict., Ch. 26)." *Trust Co. v. Hunt*, 267 N.C. 173, 178, 148 S.E.2d 41, 45 (1966). The effect of both § 27 of the English Wills Act and N.C. Gen. Stat. § 31-43

is that a general devise or bequest shall be construed to include any real or personal property which the testator may have power to appoint *in any manner he may think proper* and shall operate as an execution of such power unless a contrary intention appears in the will. A power to appoint in any manner the donee may think proper is a power upon which no restrictions are imposed—a general power.

*Trust Co. v. Hunt*, 267 N.C. at 181, 148 S.E.2d at 46-47 (emphasis in original) (citation omitted). Citing N.C. Gen. Stat. § 31-43, this Court has stated: "In North Carolina and a minority of other states, a power of appointment upon which no restrictions are imposed is exercised by a residuary clause." *In the Matter of: First Citizens Bank & Trust Co. v. Fleming*, 77 N.C. App. 568, 570, 335 S.E.2d 515, 517 (1985). It is uncontroverted that the decedent's will contained a residuary clause. Accordingly, our inquiry will focus on whether or not a general power of appointment is contained in paragraph 2B of the Ingold trust.

Appellees contend that paragraph 2B of the trust does not contain a power of appointment. Generally, a power of appointment is the power to dispose of property by deed or will. 62 Am. Jur. 2d *Powers* § 2 (1990). While "[t]he donor and donee of a power of appointment cannot be the same person, . . . it is not uncommon for a trust settlor to reserve to himself a power of appointment to be exercised by his own will at a later time." 62 Am. Jur. 2d *Powers* § 32 (footnotes omitted). Powers are ordinarily categorized as either general or special.

General powers of appointment are those authorizing the donee of the power to appoint anyone, including himself or his estate, and his creditors, although the mere fact that a donee of a power

is free to select the beneficiary does not make the power a general one, where it does not appear that he may exercise the power during his lifetime for his own benefit. A power of appointment is said to be general when there is no restriction as to its exercise (except as to manner), the persons in whose favor it is to be exercised, or the amounts to be given to such persons.

. . .

Special or limited powers of appointment are those in which the donee of the power is restricted to passing on the property to certain specified individuals, or to a specific class of individuals—other than himself or his estate—or to any beneficiaries except those specifically excluded, or in which the donee can exercise the power only for certain named purposes, or under certain conditions. Stated another way, a special power is one limited by excluding certain persons from taking under the power of disposition given the donee.

62 Am. Jur. 2d *Powers* § 11 (1990) (footnotes omitted). " 'A power is general where no restriction is imposed upon the donee as to the person or persons to whom he may appoint or the amount which each person shall receive.' " *Trust Co. v. Hunt*, 267 N.C. at 176, 148 S.E.2d at 43 (citations omitted). Under the laws of this state, a power of appointment may be created not only by express words, but also by implication of law and, further, no technical language need be used. *In Re Grady*, 33 N.C. App. 477, 480, 235 S.E.2d 425, 428 (1977). The polar star which must serve as the guide for determining whether certain language creates a power of appointment is the intent underlying the settlor's inclusion of such language in the document:

"An instrument, such as a deed or will, creating a power of appointment is to be interpreted so as to ascertain the intention of the donor and to give it effect unless some rule of law prevents. Effect should, if possible, be given to every word or clause in the instrument, so long as they are not inconsistent with the general intent of the instrument as a whole." 41 Am. Jur., Powers, § 9, p. 812.

*Howell v. Alexander*, 3 N.C. App. 371, 376, 165 S.E.2d 256, 260 (1969).

In paragraph 2B of the Ingold Trust, the decedent in the present case specifically provided that he may appoint the entire trust estate by will and contrary to the trust provisions. The decedent imposed no

restrictions on this reserved power. Therefore, the power reserved by the decedent was a general power of appointment. Looking at the four corners of the document, it does not reveal any contrary intent. Paragraph 10 of the trust states:

> During his lifetime the Grantor may, by written instrument filed with the Trustee, revoke this trust in whole or in part upon paying the sums due to the Trustee for its services hereunder or may by testamentary disposition revoke said trust in whole or in part.

Thus, it is evident that the decedent specifically intended the trust to be revocable during his life or by testamentary disposition. The intent in this paragraph coincides with the intent to reserve a general power of appointment in paragraph 2B.

As stated earlier, a power of appointment upon which no restrictions are imposed is exercised by a residuary clause. *In the Matter of: First Citizens Bank & Trust Co. v. Fleming*, 77 N.C. App. at 570, 335 S.E.2d at 517. The will does not indicate any intent not to exercise the power of appointment reserved by decedent in the Ingold Trust. Likewise, the Ingold Trust does not indicate that the decedent was required to refer to the power reserved in paragraph 2B in order for it to be exercised. Thus, the rule that "in order to exercise a power of appointment calling for specific reference to the power before the power may be exercised, some reference to the power must be made," *In the Matter of: First Citizens Bank & Trust Co.*, 77 N.C. App. at 571, 335 S.E.2d at 517, is inapplicable to the present case.

Based on the foregoing, we hold that the residuary clause of the decedent's will exercised the general power of appointment reserved by him in the Ingold Trust. Our review indicates that no competent evidence supports any other conclusion. Due to our holding, we need not reach appellant's second assignment of error.

Reversed and remanded.

Chief Judge EAGLES and Judge JOHN concur.