NO. COA13-1388

NORTH CAROLINA COURT OF APPEALS

Filed:  5 August 2014

DOMINICK MAZZEO,
     Plaintiff,

     v.                                Mecklenburg County
                                       No. 13-CVS-12639
CITY OF CHARLOTTE,
     Defendant.


Appeal by defendant from order entered 29 August 2013 by Judge James W. Morgan in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 April 2014.

> *Office of the City Attorney, by Catherine L. Cooper and Mark H. Newbold, for defendant-appellant.*

> *Goodman, Carr, Laughrun, Levine & Greene, PLLC, by Miles S. Levine, for plaintiff-appellee.*


DAVIS, Judge.


Defendant City of Charlotte ("the City") appeals from the trial court's 29 August 2013 order finding that Dominick Mazzeo ("Plaintiff") is entitled to a Civil Service Board hearing in connection with the termination of his employment with the City. After careful review, we affirm.

**Factual Background**

Plaintiff was hired by the City on 30 May 2007 and assigned to the Charlotte Douglas International Airport ("CDIA") as an Airport Safety Officer ("ASO"). On 19 June 2007, after receiving his general certification in law enforcement, he was administered the oath of office and sworn in as a law enforcement officer. Throughout his employment, Plaintiff received annual Performance Reviews and Development assessments ("PRDs"). These PRDs were reviewed and signed by officers of the Charlotte-Mecklenburg Police Department ("CMPD").

Effective on 15 December 2012, the City Manager ordered the consolidation of all airport safety officers into the CMPD. As a result, Plaintiff was transferred to the CMPD, retaining his "rank, salary, longevity, and relevant benefits." Because of the consolidation, the City required Plaintiff to take a new oath of office as an officer with the CMPD, which he did on 4 January 2013.

On 14 June 2013, Plaintiff received a letter from the CMPD terminating his employment for a "work rule violation." He was then given a packet of information describing his appeal rights to the Charlotte-Mecklenburg Civil Service Board ("the Board"). Section 4.61 of the Charlotte City Charter provides members of the City's police and fire departments who have been employed

for longer than 12 months with the right to have the Board review various types of personnel actions, including termination.

On 18 June 2013, Plaintiff appealed his termination to Rodney Monroe, the CMPD's Chief of Police. His appeal was denied by letter dated 25 June 2013. Plaintiff then attempted to file an appeal to the Board asking the Board to review his termination. However, he was told that he did not, in fact, qualify for civil service protection because he was a probationary CMPD employee on the date of his termination due to the fact that he did not become a sworn officer of the CMPD until the December 2012 consolidation.

Plaintiff's attorney subsequently filed a written request on 26 June 2013 asking the Board to review his termination. In an undated letter, an attorney for the City explained its rationale for classifying Plaintiff as a probationary employee:

> It is true that Mr. Mazzeo became an employee of the City of Charlotte in 2007. As a City employee who worked at the airport as an airport safety officer, he was not entitled to Civil Service protection under the City's Charter provisions. Rather, like all other non-sworn City employees whose employment is terminated, he was entitled to a pre-termination hearing and also to file a grievance through the City's grievance process.

In December of 2012, through a functional consolidation, all airport safety officer positions were moved from the City's aviation department to the police department. Following that consolidation, [Plaintiff] became a "sworn officer" . . . entitled to the protection of the Civil Service Board in December, 2012, when his application for hire to the police department was approved by the Board. Accordingly, on the date of his termination, June 14, 2013, he was still subject to the police department's 12-month probationary period and considered an "exception" . . . to Civil Service provisions requiring terminated officers be given a hearing before the Board.

Plaintiff filed a complaint in Mecklenburg County Superior Court seeking a declaration that he was entitled to a hearing before the Board regarding his termination. The case was heard by the trial court without a jury on 26 August 2013. On 29 August 2013, the trial court issued an order determining that Plaintiff was entitled to a hearing before the Board. The City filed a timely notice of appeal.

**Analysis**

Section 4.61 of the Charlotte City Charter provides, in pertinent part, as follows:

(f) Definitions. The terms "officer or employee" or "officer," as used in this Article, shall mean sworn officers with regard to the police department and shall mean uniformed personnel with regard to the fire department.

. . . .

(j) Appeal hearings. Upon receipt of a citation for termination from either chief or upon receipt of notice of appeal for a suspension from any civil service covered police officer or firefighter, the Board shall hold a hearing not less than 15 days nor more than 30 days from the date the notice of appeal, or the citation, is received by the Board. . . .

. . . .

(t) Exceptions. The provisions of this Article pertaining to civil service coverage of officers and employees of the fire and police departments . . . shall not apply to an officer of the police or fire department until he or she has been an officer of the respective department for at least 12 months. During such 12-months' probationary period, he or she shall be subject to discharge by the chief of such department under rules promulgated with respect thereto, such rules to be approved by the [City] Council.

2000 N.C. Sess. Laws ch. 4, § 4.61.

"[W]here a declaratory judgment action is heard without a jury and the trial court resolves issues of fact, the court's findings of fact are conclusive on appeal if supported by competent evidence in the record, even if there exists evidence to the contrary, and a judgment supported by such findings will be affirmed." *First Union Nat'l Bank v. Ingold,* 136 N.C. App. 262, 264, 523 S.E.2d 725, 727 (1999). The trial court's

conclusions of law are reviewable *de novo* on appeal. *Carolina Power & Light Co. v. City of Asheville,* 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004).

In its 29 August 2013 order, the trial court made the following findings of fact:

> 1.   That the Plaintiff, Dominick Mazzeo, is a citizen and resident of Mecklenburg County and was hired as a Charlotte Douglas International Airport (CDIA) Officer on May 30, 2007.
>
> 2.   That the Plaintiff's badge number at the time of his hire was 3636.
>
> 3.   That on December 15, 2012, the Charlotte Mecklenburg Police Department acquired, merged and consolidated all Charlotte Douglas International Airport (CDIA) Safety Officers into one organization to be controlled by the Charlotte Mecklenburg Police Department, part of the City of Charlotte[.]
>
> 4.   That at the time of the consolidation and thereafter, the Plaintiff retained his same rank, badge number, employee identification number and salary.
>
> 5.   That the City of Charlotte required all CDIA Officers to be "re-sworn."
>
> 6.   That the Plaintiff was re-sworn as an officer with the Charlotte Mecklenburg Police Department-Airport Division on January 4, 2013.
>
> 7.   That a review of the oath of office by the undersigned finds the oaths are identical pre-take over and post-take over

by the City of Charlotte.

8. That at the time of his employment with the CDIA Police, the Plaintiff had his Performance Review and Development (PRD) signed off by supervisors of the Charlotte Mecklenburg Police Department, even though at the time he was under the ultimate authority of the Aviation Department with respect to hiring, discipline and firing.

9. From and after the time of the merger, when the Plaintiff became an employee of the Charlotte Mecklenburg Police Department, he was under the authority of the Charlotte Mecklenburg Police Department Chain of Command for all purposes and required to follow Charlotte Mecklenburg Police Department policies and procedures.

10. That the Plaintiff received a letter on June 13 [sic], 2013 from the Charlotte Mecklenburg Police Department terminating his employment from the Charlotte Mecklenburg Police Department-Airport Division.

11. That the Plaintiff appealed his termination to Charlotte Mecklenburg Police Department Chief Rodney Monroe requesting a Civil Service Hearing by the Charlotte-Mecklenburg Civil Service Board.

12. That the Plaintiff was informed that he was not entitled to an appeal to the Civil Service Board as he was a "probationary employee."

13. That under the City Charter, to be considered for a Civil Service Board hearing, an officer must be "non probationary."

14. That the merger by the City of

> Charlotte-Charlotte Mecklenburg Police
> Department and the Charlotte Douglas
> International Airport Police Division did
> not substantially change the nature and
> character of the Plaintiff's employment with
> the City of Charlotte.

The trial court then made the following conclusion of law:

> . . . [T]hat, notwithstanding the provisions
> of the Charlotte City Charter Section 4.61
> (t), any changes in the nature and character
> of the Plaintiff's employment with the City
> of Charlotte after the departmental
> consolidation on December 15, 2012, were not
> substantive enough to have resulted in his
> being classified as a probationary employee
> with the Charlotte Mecklenburg Police
> Department, and he therefore should be and
> is entitled to a hearing before the City of
> Charlotte Civil Service Board regarding his
> termination from the Charlotte Mecklenburg
> Police Department-Airport Division.

Defendant challenges only findings of fact 6 and 14. Thus, findings of fact 1-5 and 7-13 are binding on appeal. *Koufman v. Koufman,* 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) ("Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal.").

Specifically, Defendant challenges the portion of finding of fact 6 stating that Plaintiff was "re-sworn as an officer with the Charlotte-Mecklenburg Police Department Airport Division on January 4, 2013," claiming that this finding is

unsupported by the evidence. The City argues that there was "no evidence before the Court indicating that the second oath somehow 'endowed' [an] Airport Safety Officer with civil service protection in 2007." The City further argues the record lacks "credible evidence that Plaintiff was ever sworn in as an Airport Safety Officer with the Charlotte-Mecklenburg Police Department until January, 2013."

We are satisfied that competent evidence existed to support finding of fact 6. Plaintiff presented as exhibits during the hearing both the oath of office he was administered on 19 June 2007 and the oath administered on 4 January 2013. The content of both oaths is identical:

> I, Dominick Mazzeo, do solemnly swear (or affirm) that I will support and maintain the Constitution and laws of the United States and the Constitution and laws of North Carolina not inconsistent therewith; that I will be alert and vigilant to enforce the criminal laws of this State; that I will not be influenced in any matter on account of personal bias or prejudice; that I will faithfully and impartially execute the duties of my office as a law enforcement officer according to the best of my skill, abilities, and judgment; so help me, God.

Moreover, on both occasions the oath was administered by the Deputy City Clerk of the City of Charlotte. Thus, competent evidence exists to support the trial court's finding of fact 6.

Defendant next challenges finding of fact 14 which states that "the merger by the City of Charlotte-Charlotte Mecklenburg Police Department and the Charlotte Douglas International Airport Police Division did not substantially change the nature and character of the Plaintiff's employment with the City of Charlotte." While the City argues that "[o]nly after December 15, 2012 did all Airport Safety Officers, including Plaintiff, come under the chain of command of the CMPD," the trial court's finding is supported by evidence of record that Plaintiff had been — at least to some degree — under the supervision of the CMPD since shortly after his initial hire date in 2007. During the hearing, Plaintiff introduced into evidence his PRDs, dating back to June 2008, which were signed by ranking officers of the CMPD, including a captain with the CMPD.

Finding of fact 14 is further supported by evidence of a five percent (5%) contribution made by the City to Plaintiff's "Police ER 401k" that is reflected on both (1) Plaintiff's *pre*-consolidation pay stub for the pay period beginning on 17 November 2012 and ending on 23 November 2012; and (2) Plaintiff's *post*-consolidation pay stub for the pay period beginning on 15 December 2012 and ending on 21 December 2012.

Pursuant to N.C. Gen. Stat. § 143-166.50(e)[1], the City contributes five percent (5%) of sworn officers' bi-weekly earnings to the "Police ER 401k." The fact that the City's five percent (5%) contribution was made to Plaintiff both prior to and after the consolidation supports the trial court's finding that the merger did not materially alter Plaintiff's employment status with the City. Similarly, evidence was presented that Plaintiff was enrolled in the "Police Retirement Plan" both before and after the consolidation.

Furthermore, as noted by the trial court in finding of fact 4 (which the City does not challenge on appeal), after the consolidation, Plaintiff retained his same rank, badge number, employee identification number, and salary. Thus, finding of fact 14 is supported by competent evidence.

Finally, Defendant challenges the trial court's conclusion of law "that . . . any changes in the nature and character of the Plaintiff's employment with the City of Charlotte after the departmental consolidation on December 15, 2012, were not

---

[1] N.C. Gen. Stat. § 143-166.50(e) states, in pertinent part, that "on and after July 1, 1988, local government employers of law enforcement officers shall contribute an amount equal to five percent (5%) of participating local officers' monthly compensation to the Supplemental Retirement Income Plan to be credited to the designated individual accounts of participating local officers."

substantive enough to have resulted in his being classified as a probationary employee with the Charlotte Mecklenburg Police Department . . . ." The City argues that "[o]nly after December 15, 2012 did all Airport Safety Officers, including Plaintiff, come under the chain of command of the CMPD . . . [such that] their one year probationary period set out in the Charter started on December 15, 2012."

We hold that the trial court's conclusion of law is supported by its findings of fact. The trial court's findings established that: (1) Plaintiff retained his same rank, badge number, employee identification number, and salary after the consolidation; (2) Plaintiff took identical oaths of office both upon his initial hiring in 2007 and after the consolidation in 2012; (3) from the time he was originally assigned to the CDIA until the date of his dismissal, Plaintiff had his PRDs reviewed and signed by supervising officers of the CMPD; and (4) the City contributed to his law enforcement 401k account in the same amount both before and after the consolidation.

Therefore, we conclude that the trial court's findings of fact support its legal conclusion that any changes in Plaintiff's employment as a result of the departmental consolidation were insufficient to classify Plaintiff as a

"probationary" employee for purposes of §4.61(t) of the Charlotte City Charter. As such, the trial court did not err in determining that Plaintiff is entitled to a hearing before the Civil Service Board with regard to his termination.

## Conclusion

For the reasons stated above, the trial court's 29 August 2013 order is affirmed.

AFFIRMED.

Judges ELMORE and McCULLOUGH concur.